

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Allen Harberg*
*Assistant U.S. Attorney*

*CAMDEN FEDERAL BUILDING and U.S. Courthouse*
*401 Market Street, 4th floor*       856-757-5231
*Camden, NJ 08101*                   Fax-856-968-4917

**BY FIRST CLASS MAIL**

April 18, 2008

Michael J. Malloy, Esquire
10 Veterans Square
Media, PA 19063

Re: <u>Plea Agreement with Steven Forman</u>

Dear Mr. Malloy:

This letter sets forth the plea agreement between your client, Steven Forman, and the United States Attorney for the District of New Jersey ("this Office"). This offer remains open until May 1, 2008, and if an executed agreement is not received in this Office on or before that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Steven Forman to a one-count Information, which charges evasion of the assessment and payment of income taxes for the year 2003, in violation of 26 U.S.C. § 7201. If Steven Forman enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Steven Forman arising out of: (1) his evasion of income tax payments for the years 2001-2004; and (2) his involvement in the financing of the property known as the "Coliseum" in Voorhees, New Jersey in 2004. By entering into this agreement, Steven Forman acknowledges that he is guilty of, and shall be held responsible for, his evasion of and conspiracy to evade income tax payments for the years 2001-2004, with a total tax loss of $119,935.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Steven Forman

may be commenced against him, notwithstanding the expiration of the limitations period after Steven Forman signs the agreement.

Sentencing

The violation of 26 U.S.C. § 7201 to which Steven Forman agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine of not more than $100,000, together with the costs of prosecution. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Steven Forman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Steven Forman ultimately will receive.

Further, in addition to imposing any other penalty on Steven Forman, the sentencing judge: (1) will order Steven Forman to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) shall order Steven Forman to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require Steven Forman to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Steven Forman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Steven Forman may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Steven Forman by the sentencing judge, to correct any misstatements relating to the

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Steven Forman's activities and relevant conduct with respect to this case.

Stipulations

This Office and Steven Forman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Steven Forman from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Steven Forman. This agreement does not prohibit

the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Steven Forman.

Prior to the date of sentencing, Steven Forman shall: (1) file accurate, amended personal returns for calendar years 2001 through 2004; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Steven Forman agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Steven Forman. With respect to disclosure of the criminal file to the Internal Revenue Service, Steven Forman waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e) and any other right of privacy with respect to Steven Forman's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Steven Forman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Allen Harberg
Assistant U.S. Attorney

APPROVED:

James B. Lynch, Assistant
United States Attorney
Attorney-in-Charge, Camden

-4-

I have received this letter from my attorney, Michael J. Malloy, Esquire, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____       Date: 5/8/08
Steven Forman

_____       Date: 5/8/08
Michael J. Malloy, Esquire

## Plea Agreement With Steven Forman

### Schedule A

1. This Office and Steven Forman recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Steven Forman nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2007 applies in this case. The applicable guideline is U.S.S.G. § 2T4.1. The parties agree that the Tax Loss is greater than $80,000, but less than $200,000. As a result, this guideline carries a Base Offense Level of 16.

3. As of the date of this letter, Steven Forman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Steven Forman's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

4. As of the date of this letter, Steven Forman has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Steven Forman enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Steven Forman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Steven Forman will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b). In accordance with the above, the parties agree that the total Guidelines offense level applicable to Steven Forman is 13 (the "agreed total Guidelines offense level").

5. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. Steven Forman reserves his right to argue for a sentencing variance pursuant to 18 U.S.C. § 3553(a).

6. Steven Forman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any

appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 13. Each party reserves any right it may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

7. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.